■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY FREEMAN, Appellant. [835 NYS2d 522]— Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered on or about January 4, 2005, unanimously affirmed. Motion seeking leave to file pro se supplemental brief denied. No opinion. Order filed. Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.

■ VITALY TSIMERMAN et al., Respondents, v PETER L. JANOFF, ESQ., et al., Appellants. [835 NYS2d 146]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 1, 2006, which, in an action arising out of defendant law firm's representation of plaintiff, inter alia, denied defendants' motion to dismiss, based on documentary evidence, plaintiff's causes of action for breach of contract and fraud, unanimously affirmed, without costs.

The complaint alleges, inter alia, that defendant law firm failed to provide plaintiff with monthly statements of services rendered as called for in the retainer, padded bills, overbilled, farmed out work to a lawyer who was not a member of the firm, contrary to individual defendants' oral representations that they would personally handle the matter, and, in response to a complaint filed by plaintiffs with a grievance committee alleging much of the above, provided the committee with a false statement of services rendered. Defendants' "documentary evidence" consists of the affidavits of one of the two individual defendants, a partner in defendant law firm, purporting to justify the firm's fee and enlistment of the outside lawyer, and asserting that plaintiffs were presented with and reviewed the firm's running time charges on an ongoing basis every time they met with him or the other individual defendant in the firm's office and never objected thereto, and that plaintiffs agreed to the outside lawyer's involvement. These affidavits, which do no more than assert the inaccuracy of plaintiffs' allegations, may not be considered, in the context of a motion to dismiss, for the purpose of determining whether there is evidentiary support for the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633 [1976]), and do not otherwise conclusively establish a defense to the asserted claims as a matter of law (see Leon v Martinez, 84 NY2d 83, 88 [1994]). We have considered defendants' other arguments, including that any failure to provide monthly billing statements was not, as a matter of law, a material breach of the retainer, and find them unavailing in the context of a motion to dismiss. Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.