Agard v Green Tree, LLC (2020 NY Slip Op 02108)





Agard v Green Tree, LLC


2020 NY Slip Op 02108


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11305 303451/12

[*1]Patricia Agard, Plaintiff,
v
Green Tree, LLC, Defendant-Appellant-Respondent, Knit-A-Way, Defendant-Respondent-Appellant, 392 Atlantic Avenue, LLC, et al., Defendants-Appellants, Diamond Point Excavating Corp., et al., Defendants, Triumph Construction Corp., Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Jeremy M. Buchalski of counsel), for appellant-respondent.
Law Office of Tromello & Fishman, Tarrytown (D. Bradford Sessa of counsel), for respondent-appellant.
Hannum, Feretic, Prendergast & Merlino, LLC, New York (Napatr Thanesnant of counsel), for appellants.
Litchfield Cavo LLP, New York (Anthony Broccolo of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 6, 2018, which denied defendant Knit-A-Way's and defendants 392 Atlantic Avenue, LLC (Atlantic) and Mandarin Enterprises II, Inc.'s (Mandarin) motions for summary judgment dismissing the complaint and all cross claims against them, and denied defendant Green Tree, LLC's (Green Tree) motion for summary judgment dismissing the complaint and all cross claims against it or, alternatively, on its cross claims against Knit-A-Way for common-law and contractual indemnification, unanimously reversed, on the law, to grant Green Tree's, Knit-A-Way's, Atlantic's, and Mandarin's motions dismissing the complaint and all cross claims against them, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims against Green Tree, Knit-A-Way, Atlantic, and Mandarin.
Plaintiff alleges that she was injured after slipping and falling on wet cement on a public sidewalk between 392 and 398 Atlantic Avenue in Brooklyn. At her deposition, plaintiff adequately authenticated photographs depicting the area of the sidewalk in which she allegedly fell (see Singh v New York City Hous. Auth., 177 AD3d 475, 475-476 [1st Dept 2019]; Cuevas v City of New York, 32 AD3d 372, 373 [1st Dept 2006]). Based on these photographs, defendants Atlantic and Mandarin, the owner of and general contractor working at 392 Atlantic Avenue, established prima facie that plaintiff's alleged accident did not occur in front of their premises (see Cuenca v City of New York, 178 AD3d 602 [1st Dept 2019]). In opposition, defendant Triumph Construction Corp. (Triumph), which was performing work in the immediate area of [*2]the sidewalk around the time and place of the alleged accident, failed to raise an issue of fact.
Defendants Knit-A-Way and Green Tree also established their entitlement to judgment as a matter of law. These defendants submitted evidence that plaintiff, who was injured after slipping on wet cement related to an active construction site, did not see any cement on the ground prior to her accident (see Richardson v S.I.K. Assoc., L.P., 102 AD3d 554 [1st Dept 2013]). They also point to Triumph's superintendent's testimony, in which he stated that Triumph's work included the use of cement, and that its employees were responsible for cleaning up the job site. In light of the foregoing, Knit-A-Way and Green Tree established prima facie that they neither caused or created the alleged dangerous condition, nor had sufficient notice of its existence to remedy it (see Ceron v Yeshiva Univ., 126 AD3d 630, 632 [1st Dept 2015]). In opposition, neither plaintiff nor Triumph submitted evidence sufficient to create an issue of fact. Although Knit-A-Way and/or Green Tree were required to keep the sidewalk in a reasonably safe condition, plaintiff was injured on an active construction cite, which was Triumph's responsibility to maintain.
Knit-A-Way also established that Green Tree's cross claims for contractual and common law indemnification should be dismissed as against it, in light of Green Tree's principal's testimony that the condition that allegedly caused plaintiff's accident was not something that Knit-A-Way would have been expected to clean (see Morchik v Trinity School, 257 AD2d 534, 536 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK