Lyons v New York City Economic Dev. Corp. (2020 NY Slip Op 02379)





Lyons v New York City Economic Dev. Corp.


2020 NY Slip Op 02379


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10095 160496/15

[*1]Richard Lyons, et al., Plaintiffs-Appellants-Respondents,
v
New York City Economic Development Corporation, et al., Defendants-Respondents-Appellants.


Foulke Law Firm, Goshen (Evan M. Foulke of counsel), for appellants-respondents.
Goldberg Segalla LLP, White Plains (William T. O'Connell of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about June 19, 2018, which, to the extent appealed from as limited by the briefs, granted those branches of defendants' motion which were for summary judgment dismissing plaintiffs' common-law negligence and Labor Law § 200 causes of action, but denied that branch of defendants' motion which was for summary judgment dismissing plaintiffs' Labor Law § 241(6) cause of action, unanimously modified, on the law, to deny defendants' motion in its entirety as premature, without costs, and as so modified, affirmed.
According to the record, at the time defendants filed their motion, no depositions had taken place. The record does not show that the parties have exchanged any paper discovery, such as records concerning the installation, maintenance, or repair of the mesh walkway on which plaintiff Richard Lyons fell.
Accordingly, plaintiffs met their burden of demonstrating that facts essential to justify opposition to the motion may lie within defendants' exclusive knowledge or control (see CPLR 3212[f]), and defendants' motion should have been denied in its entirety as premature, with leave to renew upon the completion of discovery (see Marabyan v 511 W. 179 Realty Corp., 165 AD3d 581,
582 [1st Dept 2018]; Figueroa v City of New York, 126 AD3d 438,
439 [1st Dept 2015]; Brooks v Somerset Surgical Assoc., 106 AD3d 624, 624-626 [1st Dept 2013]).
The parties' remaining contentions are academic in light of our determination.
The Decision and Order of this Court entered herein on October 17, 2019 is hereby recalled and vacated (see M-8682-8683 decided [*2]simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 23, 2020
CLERK