Holmes v McCrea (2020 NY Slip Op 04656)





Holmes v McCrea


2020 NY Slip Op 04656


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


336.1 CA 19-01669

[*1]KEITH T. HOLMES, PLAINTIFF-APPELLANT,
v
KEVIN D. MCCREA, DEFENDANT-RESPONDENT, AND STEVON K. SPENCER, DEFENDANT-APPELLANT. 






CELLINO & BARNES, P.C., ROCHESTER (SAREER A. FAZILI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARTH SULLIVAN BEHR, LLP, BUFFALO (DOMINIC M. CHIMERA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 


 Appeals from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered February 26, 2019. The order granted the motion of defendant Kevin D. McCrea for summary judgment and dismissed the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained in a motor vehicle accident. At the time of the accident, plaintiff was a passenger in a car owned by defendant Kevin D. McCrea (owner) and operated by defendant Stevon K. Spencer (driver), who later pleaded guilty to criminal possession of stolen property (CPSP) in the fifth degree (Penal Law § 165.40) with respect to his use of the car at the time of the accident. The owner moved for summary judgment dismissing the complaint against him on the ground that the driver's criminal conviction constituted conclusive proof that he lacked permission to operate the car (see generally Vehicle and Traffic Law § 388 [1]). Supreme Court granted the motion, and we affirm.
Initially, we agree with plaintiff and the driver that the court erred in concluding that plaintiff is collaterally estopped by the driver's conviction from raising an issue of fact with respect to permissive use. The doctrine of collateral estoppel is based on the principle that a party, or one in privity with a party, should not be allowed to relitigate an issue previously decided against it (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]). " A criminal conviction may be given collateral estoppel effect in a subsequent civil litigation if there is an identity of issues and a full and fair opportunity to litigate in the first action' " (Pink v Ricci, 100 AD3d 1446, 1447 [4th Dept 2012]; see S.T. Grand, Inc. v City of New York, 32 NY2d 300, 304-305 [1973], rearg denied 33 NY2d 658 [1973]). Here, plaintiff lacked a full and fair opportunity to litigate the issue of permissive use because he had no involvement or interest in the underlying criminal proceeding (see generally D'Arata, 76 NY2d at 664; Gilberg v Barbieri, 53 NY2d 285, 291-294 [1981]).
We nevertheless conclude that the owner met his initial burden on the motion of establishing his entitlement to judgment as a matter of law (see Harris v Jackson, 30 AD3d 1027, 1029 [4th Dept 2006]). We reject plaintiff's contention that the owner failed to meet his initial burden because his own evidentiary submissions—which included the deposition testimony of the driver that he did not steal the car, but instead "rented" it from the owner—raised an issue of fact with respect to permissive use. Although, as a general matter, "credibility is an issue that [*2]should be left to a fact finder at trial, there are of course instances where credibility is properly determined as a matter of law' " (Sexstone v Amato, 8 AD3d 1116, 1117 [4th Dept 2004], lv denied 3 NY3d 609 [2004]; see Finley v Erie and Niagara Ins. Assn., 162 AD3d 1644, 1645-1646 [4th Dept 2018]). Here, the evidence included both the deposition testimony of the owner that the driver stole the car and the police report indicating that the owner timely reported the car stolen. Further, and critically, it is undisputed that the driver pleaded guilty to CPSP in the fifth degree, thereby establishing beyond a reasonable doubt that he knowingly possessed the stolen car (see Penal Law § 165.40). The plea established the very fact at issue: the driver was not a permissive user of the vehicle at the time of the accident (cf. Kemper Independence Ins. Co. v Ellis, 128 AD3d 1529, 1531-1532 [4th Dept 2015]). We thus conclude that the driver's self-serving deposition testimony that he had permission to operate the car, which is contrary to all other evidence including the driver's own criminal conviction, is incredible as a matter of law (see Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019]; Kemper Independence Ins. Co., 128 AD3d at 1531; Smith v New York Cent. Mut. Fire Ins. Co., 13 AD3d 686, 688 [3d Dept 2004]).
In opposition, plaintiff failed to raise an issue of fact with respect to permissive use (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court