Matter of A.M.A. (Anggeluz A.) (2020 NY Slip Op 05570)





Matter of A.M.A. (Anggeluz A.)


2020 NY Slip Op 05570


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Docket No. NA-10423-5/17 Appeal No. 11985 Case No. 2019-2611 

[*1]In re A.M.A., and Others, Children Under Eighteen Years of Age, etc., Anggeluz A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Richard L. Helzberg, P.C., New York (Richard L. Helzberg of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Larry S. Bachner, New York, attorney for the children.



Order of fact-finding and disposition, Supreme Court, New York County (Douglas E. Hoffman, J.), entered December 20, 2018, which, to the extent appealed from as limited by the briefs, found that respondent mother neglected the child Kimberly and derivatively neglected the other two children, unanimously affirmed, without costs.
The findings of neglect and derivative neglect are supported by a preponderance of the evidence showing that respondent used excessive corporal punishment on K.A. (see Family Court Act § 1046[b][i]; § 1012[f][i][B]; Matter of Joseph C. [Anthony C.], 88 AD3d 478, 479 [1st Dept 2011]; Matter of Cevon W. [Talisha W.], 110 AD3d 542 [1st Dept 2013] [a single incident of impaired parental judgment can sustain a finding of neglect]). The record shows that respondent become enraged after Kimberly showered at a late hour one night, and struck K.A. in the arm twice with a six-foot-long, wooden mop-pole, causing an injury that was diagnosed as a fracture. Respondent also threatened to strike K.A. with a clothes hanger and said she would "kill" K.A. The other two children were present during this incident, which one of them, A.A., secretly recorded on a cellphone. The evidence includes the testimony of petitioner agency's caseworker and a police officer, who both testified to the children's out-of-court statements, and the cellphone video capturing part of the incident, as well as photographs of K.A.'s injuries and her medical records. Respondent's actions towards K.A. show a fundamental defect in her understanding of her parental obligations, which supports the finding of derivative neglect with respect to the other children (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659 [1st Dept 2013]; Matter of Naomi J. [Damon R.], 84 AD3d 594 [1st Dept 2011]).
Contrary to respondent's argument, A.A.'s out-of-court statements formed a proper foundation for admission of the cellphone video (see People v Patterson, 93 NY2d 80 [1999]). Her foundational statements, which were admitted through the testimony of the case worker and police officer, were corroborated by respondent who acknowledged the video and did not dispute its contents (Family Ct Act § 1046). The court providently exercised its discretion in limiting respondent's testimony about A.A. and K.A.'s out-of-court statements and provided her with sufficient opportunity to call them as witnesses, which she chose not to do.
Respondent's argument that she was deprived of her right to counsel is
unpreserved and in any event unavailing (see People v Wardlaw, 6 NY3d 556 [2006]; Matter of British R. [Shavon J.], 178 AD3d 574, 575 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020