Cordova v 653 Eleventh Ave. LLC. (2021 NY Slip Op 00490)





Cordova v 653 Eleventh Ave. LLC.


2021 NY Slip Op 00490


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 26121/15E Appeal No. 12986 Case No. 2020-02002 

[*1]Orbil Cordova, Plaintiff-Appellant,
v
653 Eleventh Avenue LLC., Defendant-Respondent. [And a Third-Party Actions.]


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 25, 2020, which granted defendant 653 Eleventh Ave LLC.'s motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims, and denied plaintiff's motion for partial summary judgment on his § 240(1) claim, unanimously affirmed, without costs.
Defendant was properly granted summary judgment dismissing the § 240(1) claim. Surveillance footage of plaintiff falling from the ladder demonstrates that it did not move or shake, refuting plaintiff's testimony to the contrary (Castro v Hatim, 174 AD3d 464, 464-465 [1st Dept 2019]; see also Holmes v McCrae, 186 AD3d 1043, 1045 [4th Dept 2020]). In addition, photographs taken soon after his fall show that the top of the ladder was connected to the sidewalk bridge and scaffolding above, and tied to the scaffolding structure about one-third of the way up.
Defendant was also properly granted summary judgment dismissing the § 241(6) claim. The photographs demonstrate that defendant did not violate Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii), as they show that the ladder was not on a slippery surface but on asphalt, that it had appropriate rubber feet, and no unsecured objects were used as footings (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]). Plaintiff's testimony that it was dry that day supports this conclusion. Further, as plaintiff was ascending the ladder to reach the sidewalk bridge where he was working, he cannot demonstrate a violation of Industrial Code (12 NYCRR) § 23-1.21(b)(4)(iv), which applies "only when work is being performed from a ladder" (Arigo v Spencer, 39 AD3d 1143, 1145 [4th Dept 2007]; see e.g. M. Terc v 535 Coster Realty Inc., 176 AD3d 562, 563 [1st Dept 2019]).
Contrary to plaintiff's contention, the video was properly authenticated. The head of security at the hotel on defendant's property averred that he saved the relevant portion of the surveillance video and confirmed that the copy defendant submitted with its motion was identical. Plaintiff also confirmed that the video showed him falling (see People v Goldman, 35 NY3d 582, 585 [2020]; Matter of A.M.A. [Anggeluz A.], 187 AD3d 458 [1st Dept 2020]). The photographs were also properly authenticated, as plaintiff's supervisor testified that he took one of the photos soon after the accident, and no adjustments were made to it. Plaintiff also testified that his supervisor's photograph showed the ladder in the same position as at the time of the accident, and the hotel's head of security averred that the photos fairly and accurately
depicted the ladder at the time he saw it soon after the accident (see Agard v Green Tree, LLC, 181 AD3d 539, 539 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021