Velasquez v Consolidated Edison Co. of N.Y. Inc. (2021 NY Slip Op 02886)





Velasquez v Consolidated Edison Co. of N.Y. Inc.


2021 NY Slip Op 02886


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 24542/14E Appeal No. 13782N Case No. 2019-375 

[*1]Carlos Velasquez, Plaintiff-Respondent,
v
Consolidated Edison Company of New York Inc. et al., Defendants, Trend 21 Design & Build, Inc., Defendant-Appellant.


Gartner + Bloom, P.C., New York (Joseph Rapice of counsel), for appellant.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered January 17, 2019, which denied defendant Trend 21 Design & Build, Inc.'s (Trend 21) motion to vacate an order, same court and Justice, entered June 25, 2018, denying its motion for summary judgment dismissing the complaint and all cross claims as against it, and, upon vacatur, for leave to reargue the summary judgment motion, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted to the extent of vacating the June 2018 order and, upon vacatur, denying the motion for summary judgment as premature, with leave to renew upon the completion of discovery.
Exercising our discretion (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 602 [1st Dept 2017]), we vacate the order that denied Trend 21's motion for summary judgment with prejudice upon its default in appearing for oral argument. We find that Trend 21 demonstrated a reasonable excuse for its failure to appear for oral argument of the motion through its counsel's unrebutted affirmation that he did not receive notice that oral argument had been scheduled (see e.g. Toos v Leggiadro Intl., Inc., 114 AD3d 559, 561 [1st Dept 2014]). Trend 21 also established the potential merits of its defense through affidavits by its president, submitted in support of the summary judgment motion, that Trend 21 performed no work at the location of plaintiff's accident (see Agard v Green Tree, LLC, 181 AD3d 539, 539 [1st Dept 2020]).
Upon vacatur of the June 2018 order, we deny Trend 21's motion for summary judgment with leave to renew upon the completion of discovery. At the time that Trend 21 made the motion, more than three years ago, it had not yet been deposed or responded to any of the other parties' discovery demands; plaintiff and defendant Tri-Messine Construction Co., which opposed Trend 21's motion, established "that facts essential to justify opposition [might] exist but [could ]not then be stated" (CPLR 3212[f]; see Lyons v New York City Economic Dev. Corp., 182 AD3d 499 [1st Dept 2020]; Marabyan v 511 W. 179 Realty Corp., 165 AD3d 581 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021