Pineda v 525 SMA Owner LLC (2023 NY Slip Op 02468)

Pineda v 525 SMA Owner LLC

2023 NY Slip Op 02468

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 24970/19E Appeal No. 217 Case No. 2022-05413 

[*1]Carlos Rodolfo Trochez Pineda, Plaintiff-Respondent,
v
525 SMA Owner LLC et al., Defendants, Triple C Builders, LLC, Defendant-Appellant.

Wood Smith Henning & Berman LLP, New York (Kevin T. FitzPatrick of counsel), for appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.

Order, Bronx County (Lucindo Suarez, J.), entered October 14, 2022, which, to the extent appealed from, denied defendant Triple C Builders, LLC's motion to dismiss the complaint pursuant to CPLR 3211(a)(7) and for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Triple C's motion to dismiss the complaint pursuant to CPLR 3211(a)(7) was correctly denied, as plaintiff's complaint states a cause of action against Triple C. Triple C did not move pursuant to CPLR 3211(a)(1), and, even if it had, the affidavit of its president would not qualify as conclusive documentary evidence sufficient to warrant the complaint's dismissal (see Johnson v Asberry, 190 AD3d 491, 492 [1st Dept 2021]; Flowers v 73rd Townhouse LLC, 99 AD3d 431 [1st Dept 2012]; Tsimerman v Janoff, 40 AD3d 242 [1st Dept 2007]).
The court also correctly declined to grant Triple C summary judgment on the ground that the motion was premature (CPLR 3212[f]). At this juncture, there has been little discovery, and the affidavit Triple C relies on to establish that it had no connection to the premises, or the work being conducted, does not negate other evidence of it being on the site. Furthermore, Triple C's evidentiary support is taken from an individual who has not yet been deposed (see Lyons v New York City Economic Dev. Corp., 182 AD3d 499, 499 [1st Dept 2020]; Guzman v City of New York, 171 AD3d 653 [1st Dept 2019]; Jackson v Hunter Roberts Constr. Group, LLC, 161 AD3d 666, 667 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023