Estate of Osorio v J. & P. Watson, Inc. (2024 NY Slip Op 00871)

Estate of Osorio v J. & P. Watson, Inc.

2024 NY Slip Op 00871

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 26777/17 Appeal No. 1682 Case No. 2023-04470 

[*1]The Estate of Leonor Osorio etc., et al., Plaintiffs-Appellants,
v
J. & P. Watson, Inc., Doing Business as Interim Healthcare Inc. of Greater New York, et al., Defendants-Respondents.

Bergman Bergman Fields & Lamonsoff, LLP, Hicksville (Eric J. Lamonsoff of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Steven V. DeBraccio of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered May 3, 2023, which denied plaintiffs' motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiffs commenced this negligence action against defendants for injuries decedent Leonor Osorio sustained when she fell out of a Hoyer lift at her home while under defendants' care.
Plaintiffs failed to establish, prima facie, that decedent's home care aide, defendant Diana Wood, was negligent when utilizing the Hoyer lift to transfer decedent from her bed to a wheelchair. Plaintiffs' expert, a registered nurse trained in the operation of Hoyer lifts, opined that Wood deviated from the standard of care because she failed to stop pumping and elevating decedent as decedent slid out of the sling. However, neither Wood's ambiguous testimony on this point nor a video where the accident took place off screen demonstrate that decedent's fall was due to operator error (see Santos v Condo 124 LLC, 161 AD3d 650, 655 [1st Dept 2018]). Notably, there were no other witnesses to the accident. In any event, defendants' expert raised a triable issue of fact by opining that, based on Wood's testimony, Wood followed proper procedure in operating the Hoyer lift, and a patient could slip out for reasons unrelated to negligence (id.).
Plaintiffs also failed to establish defendants' negligence through the doctrine of res ipsa loquitur. In addition to the foregoing evidence, which raised issues of fact as to whether falls from a Hoyer lift would normally occur in the absence of negligence (see Morejon v Rais Constr. Co., 7 NY3d 203,209 [2006]; Jainsinghani v One Vanderbilt Owner, LLC, 162 AD3d 603, 604 [1st Dept 2018]), plaintiffs failed to establish defendants' exclusive control over the Hoyer lift (see Jainsinghani, 162 AD3d at 604). Decedent's daughter, plaintiff Ferlauto, testified that other aides used the Hoyer lift on the days Wood did not care for decedent (see James v Wormuth, 21 NY3d 540, 547-548 [2013]). Moreover, Wood testified that Ferlauto had previously adjusted the chains and instructed her not to do so.
In any event, plaintiffs' motion was premature, as relevant discovery in their
exclusive knowledge and control was outstanding (see Lyons v New York City Economic Dev. Corp., 182 AD3d 499 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024