| |
|---|
| **Zatorski v Island Transp. Corp.** |
| 2024 NY Slip Op 34234(U) |
| December 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153771/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LOUIS L. NOCK** | **PART** | **38M** |
| | *Justice* | | |

---------------------------------------------------------------------------X

JACEK ZATORSKI, individually and on behalf of all other persons similarly situated,

Plaintiff,

- v -

ISLAND TRANSPORTATION CORPORATION,

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153771/2023 |
| **MOTION DATE** | 07/14/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44

were read on this motion to               DISMISS              .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, defendant's motion to dismiss the complaint based on documentary evidence (CPRL 3211 [a] [1]) is denied, for the reasons set forth in the opposition memorandum of law (NYSCEF Doc. No. 38), in which the court concurs, as summarized herein.

This is a putative class action complaint in which plaintiff alleges that he and his coworkers were regularly underpaid. Specifically, plaintiff alleges that defendant, a petroleum products carrier, regularly failed to pay overtime for hours worked in excess of 40 hours per week. Defendant argues that it is exempt from any overtime requirements for plaintiff and the putative class because they are subject to the jurisdiction of the Federal Department of Transportation ("DOT"), and the overtime standards of the Federal Department of Labor ("DOL") as provided by the Fair Labor Standards Act ("FLSA") (29 USC §§ 201, *et seq.*) do not

**153771/2023   ZATORSKI, JACEK ET AL vs. ISLAND TRANSPORTATION CORPORATION**
**Motion No. 001**

**Page 1 of 5**

1 of 5

[* 1]

apply.[1] Both sides agree that whether the Motor Carrier Act exemption (the "MCA exemption") from overtime applies is dispositive of this case, with plaintiff arguing that defendant has not submitted sufficient documentary evidence to warrant dismissal at this early stage.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[The court] accept[s] the facts as alleged in the complaint as true, accord[ing] plaintiff the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (*id*. at 87-88). Ambiguous allegations must be resolved in plaintiff's favor (*JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "[W]here ... the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1st Dept 1994]).

"When, as here, a defendant moves for dismissal of a cause of action under CPLR 3211(a)(1), their documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 175 [2021] [internal quotation marks and citation omitted]). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (*Bath & Twenty, LLC v Federal Sav. Bank*, 198 AD3d 855 [2d Dept 2021]).

---

[1] The New York Labor Law and relevant implementing regulations track the provisions of the FLSA for purposes of overtime calculations (12 NYCRR 142-2.2; *e.g. Anderson v Ikon Off. Sols., Inc.*, 38 AD3d 317 [1st Dept 2007]).

**153771/2023   ZATORSKI, JACEK ET AL vs. ISLAND TRANSPORTATION CORPORATION**          **Page 2 of 5**
 Motion No.  001

2 of 5

The FLSA provides, generally, for one and one-half times the rate of pay for any hours over 40 per week worked by an employee, subject to a number of exemptions (29 USC § 207). One of the listed exemptions is "any employee with respect to whom the Secretary of Transportation has power to establish qualification and maximum hours of service pursuant to the provisions of section 31502 of Title 49," a provision of the Motor Carrier Act of 1935 ("MCA") (29 USC § 213 [b] [1]). In order to avoid subjecting employers to overlapping regulations, if the DOT is authorized to set hours for an employee, then the FSLA's overtime provisions do not apply (*Fox v Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F Supp 2d 257, 264 [EDNY 2012], *citing Levinson v. Spector Motor Serv.,* 330 US 649, 661 [1947]).

In order for the MCA exemption to apply, the employer must operate as a "motor carrier" or "motor private carrier" (*Dauphin v Chestnut Ridge Transp., Inc.*, 544 F Supp 2d 266, 273 [SDNY 2008], *citing Boutell v Walling*, 327 US 463, 467 [1946]), and the employee's activities "must affect[sic] vehicular 'safety of operations in interstate or foreign commerce'" (*id.*, *quoting Pyramid Motor Freight Corp. v. Ispass*, 330 US 695, 698 [1947]). Drivers such as the putative class members are within the class of those whose work effects "vehicular safety of operations" (*Morris v McComb*, 332 US 422, 430 [1947] ["The drivers are full-time drivers of motor vehicles well within the definition of that class of work by the Commission if the work is done in interstate commerce"]). The interstate commerce prong may be satisfied where interstate travel is "a natural, integral and apparently inseparable part" of plaintiff's duties (*id.* at 433). Determination of whether an employee's work qualifies is a fact intensive analysis, and a court may consider "the method by which the employer assigns the interstate activity to the pertinent class of employees, the nature of the employer's business, and perhaps to a lesser degree, the

proportion of interstate-to-intrastate employee activity" (*Quartararo v J. Kings Food Serv. Professionals, Inc.*, 17-CV-7390 (RRM), 2021 WL 1209716, at *9 [EDNY Mar. 31, 2021] [internal quotation marks and citation omitted]), as well as whether "interstate commerce trips were distributed generally throughout the year and their performance was shared indiscriminately by the drivers and was mingled with the performance of other like driving services rendered by them otherwise than in interstate commerce" (*Morris*, 332 US at 433). It is the employer's burden to establish that an exemption to the FSLA applies (*e.g. Bilyou v Dutchess Beer Distributors, Inc.*, 300 F3d 217, 222 [2d Cir 2002]).

Here, defendant has failed to utterly refute the plaintiff's allegations and conclusively establish its defense of the MCA exemption. Defendants submit documentary evidence regarding its hiring practices and driver requirements, but the primary evidence for its policy and practice in terms of assigning interstate travel routes comes solely from the affidavit of its President, Peter Fioretti, Jr. (Fioretti aff., NYSCEF Doc. No. 7, ¶¶ 28-30). As is well-settled, affidavit testimony is not documentary evidence for purposes of a motion to dismiss (*e.g. Tsimerman v Janoff*, 40 AD3d 242, 242 [1st Dept 2007]). A wage notice submitted by defendant and signed by plaintiff, in which plaintiff was informed that his position fell within the MCA exemption, does not conclusively answer the question either (wage notice, NYSCEF Doc. No. 31). As the United States Supreme Court has held, the title or qualification of an employee's job is not conclusive of whether the MCA covers said employee (*Pyramid Motor Freight Corp.*, 330 US at 707-08). Where the employer fails to establish that interstate travel was shared indiscriminately among all drivers and mingled with intrastate driving, the employer cannot obtain dispositive relief (*Dauphin*, 544 F Supp 2d at 275-276). The spreadsheet provided by defendant is not dispositive because the court cannot discern therefrom the proportion of

**153771/2023 ZATORSKI, JACEK ET AL vs. ISLAND TRANSPORTATION CORPORATION** **Page 4 of 5**
**Motion No. 001**

[* 4]

4 of 5

interstate travel to intrastate travel of defendant's business during the relevant time period, nor how any interstate routes listed on the spreadsheet were assigned.

Accordingly, it is hereby

ORDERED that the motion is denied; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days from the date of filing hereof; and it is further

ORDERED that counsel shall appear for a preliminary conference in Room 1166, 111 Centre Street on January 22, 2025 at 2:15 PM. Prior to the conference, the parties shall meet and confer regarding discovery and, in lieu of appearing at the conference, may submit a proposed preliminary conference order, in a form that substantially conforms to the court's form Commercial Division Preliminary Conference Order located at https://ww2.nycourts.gov/courts/1jd/supctmanh/preliminary_conf_forms.shtml, to the Principal Court Attorney of this Part (Part 38) at ssyaggy@nycourts.gov.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| **12/2/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153771/2023   ZATORSKI, JACEK ET AL vs. ISLAND TRANSPORTATION CORPORATION**          **Page 5 of 5**
Motion No.  001

5 of 5