**Zain v Ernest L. Isaacson DPM, P.C.**

2025 NY Slip Op 30060(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 805136/2021

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JOHN J. KELLEY                          PART                    56M

                                              *Justice*

-----------------------------------------------------------------------------X

ROBERT ZAIN,                                   INDEX NO.            805136/2021

                        Plaintiff,             MOTION DATE          10/15/2024

            - v -                              MOTION SEQ. NO.          001

ERNEST L. ISAACSON DPM, P.C., and ERNEST L.
ISAACSON, DPM,                                 **DECISION + ORDER ON**
                                               **MOTION**
                        Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57

were read on this motion to/for                        DISMISS                        .

In this action to recover damages for medical malpractice, the defendants, Ernest L. Isaacson DPM, P.C., and Ernest L. Isaacson, DPM, move pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, based on a defense founded upon documentary evidence and for failure to state a cause of action. The plaintiff opposes the motion. The motion is denied, inasmuch as the defendants are not immune from civil liability conferred by the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082; hereinafter EDTPA), the complaint properly states a cause of action sounding in medical malpractice, and the defendants waived the affirmative defense codified by CPLR 3211(a)(1).

The plaintiff was a patient of the defendant podiatrist Ernest L. Isaacson, DPM, and his professional corporation, the defendant Ernest L. Isaacson, DPM, P.C., from February 7, 2020 until April 8, 2020. In his complaint, which he filed on May 6, 2021, the plaintiff alleged that the defendants treated him for an ulcer on his left heel, which ultimately resulted in an above-the-knee amputation when an infection developed and went untreated in that heel.

In their motion, the defendants argued that the complaint should be dismissed since EDTPA conferred immunity upon them from civil actions, such as the plaintiff's action here, since the claims here related to healthcare services provided in response to the COVID-19 pandemic. In opposition, the plaintiff argued that EDTPA may not be invoked by the defendants, since that statutes does not apply to podiatrists or professional corporations such as the defendants, who did not provide services in connection with COVID-19.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id*. at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881 [2013]; *Simkin v Blank*, 19 NY3d 46 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.,* 41 NY3d 991, 993 [2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8 [2010]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc*., 10 AD3d 267 [1st Dept 2004]; CPLR 3026). "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co*., 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]). Where, however, the court considers evidentiary material beyond the complaint, as it does here, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*id*.). Nonetheless,

"conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]).

In March 2020, then-Governor Andrew Cuomo signed Executive Order No. 202 (9 NYCRR 8.202), declaring a disaster emergency in New York state, and Executive Order No. 202.10 (9 NYCRR 8.202.10), conferring, upon healthcare workers and facilities, immunity from civil liability for any injury or death alleged to have been sustained directly as a result of the provision of medical services in support of New York's response to the COVID-19 pandemic, except where such injury or death was caused by gross negligence or recklessness. On April 3, 2020, the Legislature passed EDTPA, granting any healthcare facility or healthcare professional immunity from civil or criminal liability related to the care of patients with COVID-19, provided that:

> "the health care facility or health care professional is arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission occurs in the course of arranging for or providing health care services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives; and the health care facility or health care professional is arranging for or providing health care services in good faith"

(Public Health Law former § 3082[2]). The immunity does not apply where an act or omission constituted willful or intention criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm (*id*.). EDTPA was effective retroactive to March 7, 2020, making it applicable to acts or omissions that occurred on or after that date. On April 6, 2021, the legislature repealed the EDTPA, with the repeal to take effect immediately.

As relevant here, the term "health care professional," as explicitly defined by EDTPA, means,

> "an individual, whether acting as an agent, volunteer, contractor, employee, or otherwise, who is:
>
> "(a) licensed or otherwise authorized under title eight, article one hundred thirty-one, one hundred thirty-one-B, one hundred thirty-one- C, one hundred thirty-seven, one hundred thirty-nine, one hundred forty, one hundred fifty-three, one

hundred fifty-four, one hundred sixty-three, one hundred sixty-four or one hundred sixty-five of the education law; [or]

*****

"(c) licensed or certified under article thirty of this chapter to provide emergency medical services; [and who is]

*****

"(e) providing health care services within the scope of authority permitted by a COVID-19 emergency rule"

(Public Health Law former §§ 3081[4][a], [c], [e]).  The term "health care services," as employed in EDTPA, means,

"services provided by a healthcare facility or a healthcare professional, regardless of the location where those services are provided, *that relate to*:

"(a) the diagnosis, prevention, or treatment of COVID-19;

"(b) the assessment or care of an individual with a confirmed or suspected case of COVID-19; or

"(c) the care of any other individual who presents at a health care facility or to a health care professional during the period of the COVID-19 emergency declaration."

(Public Health Law former § 3081[5] [emphasis added]).  Finally, for purposes of EDTPA, the term "health care facility" means

"a hospital, nursing home, or other facility licensed or authorized to provide health care services for any individual under article twenty-eight of this chapter, article sixteen and article thirty-one of the mental hygiene law or under a COVID-19 emergency rule."

(Public Health Law former § 3081[3]).

The court concludes that the language employed in these statutory definitions excludes the defendants from EDTPA immunity in connection with the claims asserted by the plaintiff here.  Since podiatrists are licensed under article 141 of the Education law (*see* Education Law §§ 7000-7014), Isaacson does not fall within the type of health care professional defined by the Public Health Law former §§ 3081(4)(a) and (c).  The defendants also were not providing "health care services," as defined by Public Health Law former § 3081(5)(a), (b), or (c), and did

not provide any services at a "health care facility," as defined by Public Health Law former § 3081(3). Thus, EDTPA does not confer immunity upon the defendants, and the complaint cannot be dismissed on that ground.

The court notes that the defendants filed this motion after the filing of the note of issue, and submitted various documents in support of the motion, such as a statement of material facts, the pleadings, the deposition transcripts of the parties and nonparty witnesses, the plaintiff's medical records, and the affirmation of both Isaacson and a board-certified medical doctor. While perhaps indicative of the defendants' intention to move for summary judgment, the court does not find it necessary to convert this motion to one for summary judgment, since a CPLR 3211(a)(7) motion can be made at any time (*see M & E 73-75, LLC v 57 Fusion LLC*, 189 AD3d 1, 5 [1st Dept 2020]; CPLR 3211[e]), and it is not clear that the defendants were charting a summary judgment course. Moreover, the defendants' expert opined only that "at no time during the period of February 7, 2020 through March 16, 2020 did ZAIN exhibit signs or symptoms consistent with necrotizing fasciitis," a condition that the plaintiff had alleged was allowed to worsen due to the defendants' malpractice. Nonetheless, inasmuch as the complaint alleged that the subject treatment had been rendered from February 7, 2020 to April 8, 2020, and otherwise asserted the elements of a medical malpractice cause of action, this opinion is insufficient to support a motion to dismiss the complaint for failure to state a cause of action.

As set forth in CPLR 3211(e),

> "[a]t any time before service of the responsive pleading is required, a party may move on one or more grounds set forth in subdivision (a) of this rule, and no more than one such motion may be permitted. Any objection or defense based upon a ground set forth in paragraph[ ] one . . . of subdivision (a) of this rule is waived unless raised either by such motion or in the responsive pleading."

To the extent that the defendants also moved to dismiss the complaint based on a defense founded upon documentary evidence, they have waived that affirmative defense by failing to assert it in their answers. In any event, under CPLR 3211(a)(1), a dismissal is warranted only "if the documentary evidence submitted conclusively establishes a defense to the asserted claims

as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Ellington v EMI Music, Inc*., 24 NY3d 239 [2014]).  For evidence to qualify as "documentary," it must be unambiguous, authentic, and "essentially undeniable" (*Dixon v 105 W. 75th St., LLC*, 148 AD3d 623, 629 [1st Dept 2017], citing *Fontanetta v John Doe 1*, 73 AD3d 78 [2d Dept 2010]).  Affidavits or affirmations do not qualify as documentary evidence (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996 [2d Dept 2010]; *Suchmacher v Manana Grocery*, 73 AD3d 1017 [2d Dept 2010]; *Fontanetta v John Doe 1*, 73 AD3d at 85; *Tsimerman v Janoff,* 40 AD3d 242 [1st Dept 2007]), and, other than the text of EDTPA itself, the defendants advert to no documents that would conclusively establish a defense to the medical malpractice cause of action.

This court has considered the parties' remaining contentions and finds them unavailing. Accordingly, it is,

ORDERED that the motion of the defendants, Ernest L. Isaacson DPM, P.C., and Ernest L. Isaacson, DPM, to dismiss the complaint is denied; and it is further,

ORDERED that the parties shall appear for an initial pretrial settlement conference before the court, in Room 204 at 71 Thomas Street, New York, New York 10013, on January 30, 2025, at 11:00 a.m., at which time they shall be prepared to discuss resolution of the action and the scheduling of a firm date for the commencement of jury selection.

This constitutes the Decision and Order of the court.

<u>**1/7/2025**</u>
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |