Zatorski v Island Transp. Corp. (2025 NY Slip Op 03269)

Zatorski v Island Transp. Corp.

2025 NY Slip Op 03269

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 153771/23|Appeal No. 4461|Case No. 2024-07368|

[*1]Jacek Zatorski, etc., Plaintiff-Respondent,
v
Island Transportation Corporation, Defendant-Appellant.

Milman Labuda Law Group PLLC, Lake Success (Jamie S. Felsen of counsel), for appellant.
Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 3, 2024, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1), unanimously affirmed, without costs.
Supreme Court properly denied defendant Island Transportation Corporation's (ITC) pre-answer motion to dismiss the complaint because ITC's documentary evidence did not "utterly refute[] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). In this class action suit plaintiff, on behalf of himself and similarly situated employees of ITC, alleges that ITC did not provide overtime compensation to its drivers who worked more than a 40-hour work week. ITC, as a company engaged in the interstate transport of goods, is subject to the jurisdiction of the Federal Department of Transportation and thus, it contends, the motor carrier exemption to the Fair Labor Standards Act applies, exempting ITC from any overtime compensation requirements for plaintiff and the putative class (see 29 USC §§ 207, 213 [b][1]).
A determination as to whether the motor carrier exemption applies to an employee depends on the nature of both the employer's and employees' activities (see Dauphin v Chestnut Ridge Transp., Inc., 544 F Supp 2d 266, 273 [SD NY 2008]). ITC's documentary evidence failed to conclusively show at this stage of the proceeding that interstate travel constituted a "natural, integral and. . . inseparable part" of plaintiff's duties, such that at any time during his employment it could be found that plaintiff was likely to be called upon to perform interstate travel (see Morris v McComb, 332 US 422, 433 [1947]). Specifically, the documentary evidence did not resolve all the factual issues raised by plaintiff's allegations, including information as to the policy and practice followed by ITC in assigning interstate routes, how ITC's interstate assignments were made, why plaintiff was assigned 14 0f 16 interstate total career routes during a three-month period but no interstate routes for years at a time during his decade-long employment with ITC. While ITC offered evidence such as collective bargaining agreements and signed wage notices to indicate plaintiff was regularly apprised to expect interstate route assignments as part of his work activities, defendant's actual practice of assigning the interstate routes was not conclusively established by the documentary evidence (see Dauphin v Chestnut Ridge Transp., Inc., 544 F Supp 2d at 275-276; see also Morris v McComb, 332 US at 433).
To the extent the affidavit of ITC's president attempted to supply such missing facts, the affidavit does not constitute documentary evidence for purposes of a CPLR 3211(a)(1) motion (see Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]; Tsimerman v Janoff, 40 AD3d 242, 242 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF [*2]THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025